UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HALTOM, | No. 2:13-cv-0227-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Michael Haltom commenced this social security action on August 25, 2011. (ECF No. 1.) Although the action was initially erroneously filed in the Fresno division of this district, it was ultimately transferred to the Sacramento division on February 6, 2013. (ECF No. 23.) On September 26, 2013, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. (ECF Nos. 28, 29.)

Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), filed on December 24, 2013. (ECF No. 30.) The Commissioner filed an opposition to plaintiff's motion on January 22, 2014. (ECF No. 31.) After considering the parties' briefing and the applicable law, the court grants plaintiff's motion for EAJA fees in part.

1

1   The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[1]

---

[1] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on September 26, 2013. (ECF No. 29.) The judgment became a non-appealable "final judgment" 60 days later on November 25, 2013. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by December 25, 2013. Plaintiff's December 24, 2013 application is therefore timely.

1  Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the
2  EAJA, because the position of the Commissioner was substantially justified.  See Flores v.
3  Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees
4  unless the government shows that its position "with respect to the issue on which the court based
5  its remand was 'substantially justified'").

6        The burden of establishing substantial justification is on the government.  Gutierrez v.
7  Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the
8  Supreme Court defined "substantial justification" as:

9        "justified in substance or in the main" – that is, justified to a degree
      that could satisfy a reasonable person.  That is no different from the
10       "reasonable basis in both law and fact" formulation adopted by the
      Ninth Circuit and the vast majority of other Courts of Appeals that
11       have addressed this issue.

12  Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see
13  also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).  In determining substantial
14  justification, the court reviews both the underlying governmental action being defended in the
15  litigation and the positions taken by the government in the litigation itself.  Gutierrez, 274 F.3d at
16  1259.

17        Here, the Commissioner's attempt to show that its position with respect to the issue on
18  which the court based its remand was substantially justified is unpersuasive.  As discussed in
19  detail in the court's prior order,[2] the ALJ failed to properly develop the record concerning
20  plaintiff's reaching limitations.  Although the ALJ found plaintiff, who is right handed, to be
21  limited to only occasional reaching overhead with his right upper extremity, she nonetheless
22  concluded that plaintiff was capable of performing his past relevant work as a trucking company
23  manager, which the vocational expert testified requires frequent reaching.  These findings at least
24  appear inconsistent, yet the ALJ failed to seek clarification from the vocational expert as to
25  whether frequent *bilateral overhead* reaching was required for plaintiff's past relevant work or

---

27  [2] The court does not repeat its detailed analysis of the substantive issues here, but instead refers
the parties to its February 15, 2013 findings and recommendations (ECF No. 27), subsequently
28  adopted by the district judge on September 26, 2013.  (ECF No. 28.)

whether, for example, frequent overhead reaching with only one arm would be sufficient. Instead, the ALJ speculated that plaintiff's right upper extremity reaching limitation did not completely preclude plaintiff from performing his past relevant work. Such speculation, unsupported by vocational expert testimony, is facially deficient. As such, the Commissioner's position during the administrative proceedings, and its defense of that position in the litigation before this court, were not substantially justified.

Therefore, having concluded that the Commissioner's position was not substantially justified as to the issue on which remand was based, and because there are no other special circumstances that would make an award of EAJA fees unjust, the court finds that plaintiff is entitled to an award of fees and expenses pursuant to the EAJA.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005). The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

In the event that the court found that the Commissioner's position was not substantially justified, the Commissioner does not oppose the computation of plaintiff's hourly rates -- $180.59 for 2011 hours; $184.32 for 2012 hours; and $186.55 for 2013 hours. These rates comport with

1   the statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living,

2   published on the Ninth Circuit Court of Appeals' website.  See http://www.ca9.uscourts.gov/

3   content/view.php?pk_id=0000000039.  However, the Commissioner objects to some of plaintiff's

4   counsel's time spent on the case.  Those objections are well taken.

5         Plaintiff submitted time records, with entries broken down by various tasks performed

6   related to the case, showing that plaintiff's counsel spent a total of 36.1 hours on the case (4.6

7   hours in 2011 at an hourly rate of $180.59; 27.4 hours in 2012 at an hourly rate of $184.32; and

8   4.1 hours in 2013 at an hourly rate of $186.55) resulting in total attorneys' fees of $6,645.92.

9   (ECF No. 30-1 at 8; Affidavit of Sengthiene Bosavanh, ECF No. 30-2 ["Bosavanh Aff."].)

10  Plaintiff additionally requests expenses in the amount of $71.10, for a total EAJA fees and

11  expenses request of $6,717.02.  (Id.)

12        The court has performed an independent review of the individual time entries, and agrees

13  with the Commissioner that plaintiff is not entitled to fees for time spent drafting and finalizing

14  the confidential letter brief required by the Fresno division of this court, or for time spent

15  reviewing the Commissioner's response thereto.  Had plaintiff filed this case in the proper venue,

16  the time spent on these activities would not have been necessary, because the Sacramento division

17  of this court does not require the filing of a confidential letter brief in addition to an opening brief

18  or motion for summary judgment.  In responses to orders to show cause issued by the magistrate

19  judge in Fresno concerning plaintiff's counsel's repeated failure to properly determine venue in

20  multiple cases, including the instant case, plaintiff's counsel conceded her errors and indicated

21  that she did not intend to handle any new federal court appeals in the foreseeable future.  (See

22  ECF Nos. 17-21.)  Accordingly, the court deducts the 6.0 hours spent on February 12, 2012, the

23  2.3 hours spent on February 13, 2012, and the 0.2 hours spent on February 24, 2012, related to the

24  confidential letter brief and the Commissioner's response thereto; a total of 8.5 hours at an hourly

25  rate of $184.32, resulting in a deduction of $1,566.72.

26        Additionally, the court deducts time plaintiff's counsel spent on routine, secretarial, and/or

27  clerical work, including reviewing standard docket notices, consents to magistrate judge

28  jurisdiction, designations of counsel, etc.  Such documents are routine and largely identical in all

social security cases, and, absent any special issues that deserve further attention (which are not documented in the records here), reviewing or preparing them does not constitute work properly billed as attorney or paralegal work.  Therefore, the court deducts the following time in 2011 related to routine tasks: 0.1 hours spent on August 25, 2011; 0.5 hours spent on August 26, 2011; 0.5 hours spent on September 15, 2011; 0.2 hours spent on September 16, 2011; 0.1 hours spent on September 20, 2011; 0.1 hours spent on September 21, 2011; 0.1 hours spent on October 10, 2011; and 0.3 hours spent on January 13, 2012,[3] for a total of 1.9 hours in 2011 at an hourly rate of $180.59, resulting in an overall deduction of $343.12 for 2011 routine tasks.  The court also deducts the following time in 2013 related to routine tasks: 0.1 hours spent on February 6, 2013; 0.1 hours spent on February 8, 2013; and 0.1 hours spent on February 11, 2013, for a total of 0.3 hours in 2013 at an hourly rate of $186.55, resulting in an overall deduction of $55.96 for 2013 routine tasks.  Thus, the court's total deduction related to routine tasks is $399.08.

In sum, the court reduces plaintiff's EAJA fees and expenses request of $6,717.02 to $4,751.22 ($6,717.02 minus $1,566.72 minus $399.08).  The court finds this overall award of fees and expenses to be generous in light of the results achieved, because although plaintiff obtained a remand for further proceedings based on the ALJ's failure to properly develop the record concerning plaintiff's reaching limitations, the remaining issues raised by plaintiff concerning his psoriasis bordered on the frivolous.  The court further finds the reduced amount appropriate given plaintiff's filing of the case in the improper intra-district venue, which resulted in substantial delays to this case and waste of court resources.

The $4,751.22 in EAJA fees and expenses are awarded to plaintiff and not to plaintiff's counsel.  See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010).  Plaintiff's motion papers do not include an executed assignment of EAJA fees to plaintiff's counsel, although the proposed order submitted by plaintiff's counsel suggests that such an assignment may have been executed.  (ECF No. 30-6.)  If the government ultimately determines that plaintiff does not owe a federal debt that

---

[3] Plaintiff's time records incorrectly indicate that the 0.3 hours, actually spent on January 13, 2012, were spent on January 13, **2011**, and it appears that plaintiff's counsel billed for this time at the 2011 rate.  (ECF No. 30-2 at 2.)  As such, in fairness, the court also deducts this time at the 2011 rate.

qualifies for offset, and if plaintiff's counsel provides the government with sufficient evidence of an executed assignment of EAJA fees to plaintiff's counsel, payment may be made in the name of plaintiff's counsel.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (ECF No. 30) is GRANTED IN PART.
2. Plaintiff is awarded attorneys' fees and expenses in the total amount of $4,751.22 pursuant to the EAJA, with payment to be made according to the terms outlined in this order.

IT IS SO ORDERED.

Dated: February 14, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE