UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HALTOM,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:13-cv-0227-KJM-KJN<br><br>ORDER |

Presently pending before the court is counsel for plaintiff Michael Haltom's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed on March 25, 2015. (ECF No. 33.) On April 28, 2015, the Commissioner filed an advisory response to plaintiff's counsel's motion. (ECF No. 35.) Despite having been granted the opportunity, plaintiff himself failed to file a response to his attorney's motion. (ECF Nos. 34, 36-38.)

For the reasons discussed below, the court GRANTS IN PART plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b).

BACKGROUND

The facts and procedural history of this case were extensively outlined in the court's previous orders and need not be repeated here. (See, e.g., ECF Nos. 27-28, 32.) Briefly stated, on September 26, 2013, the court remanded the action for further proceedings pursuant to

1

1  sentence four of 42 U.S.C. § 405(g).  (ECF No. 28.)  The court also awarded attorneys' fees and

2  expenses under the Equal Access to Justice Act ("EAJA") in the amount of $4,751.22.  (ECF No.

3  32.)

4        Following this court's remand, on December 1, 2014, an administrative law judge

5  ultimately issued a fully favorable decision, finding that plaintiff had been disabled as of his

6  alleged disability onset date of December 4, 2007.  (See ECF No. 33-4.)

7        Thereafter, plaintiff's counsel filed the instant motion for attorneys' fees under 42 U.S.C.

8  § 406(b).  (ECF No. 33.)   Plaintiff's counsel seeks an award of $27,582.73 (which is 25% of

9  plaintiff's past due benefits of $110,330.90, as calculated by the Commissioner) (ECF No. 33-2),

10  subject to counsel's payment to plaintiff of the EAJA fees previously awarded.

11  DISCUSSION

12        42 U.S.C. § 406(b) provides, in part, that:

13  
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

20  42 U.S.C. § 406(b)(1)(A).

21        The Commissioner typically does not act as an adversary, but instead as an adviser to the

22  court with respect to fee requests under 42 U.S.C. § 406(b).  Crawford v. Astrue, 586 F.3d 1142,

23  1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination

24  resembling that of a trustee for the claimants").  Indeed, in this case, the Commissioner filed an

25  advisory response to plaintiff's counsel's motion (ECF No. 35), which the court appreciates and

26  finds of great assistance in evaluating plaintiff's counsel's fee request.  However, "[b]ecause the

27  [Commissioner] has no direct interest in how much of the award goes to counsel and how much

28  to the disabled person, the district court has an affirmative duty to assure that the reasonableness

of the fee is established." Crawford, 586 F.3d at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined. The court noted that although the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Crawford, 586 F.3d at 1148. The Ninth Circuit observed that:

> In *Gisbrecht*, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, *Gisbrecht*, 535 U.S. at 808-09, 122 S.Ct. 1817. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, 122 S.Ct. 1817, "looking first to the contingent-fee agreement, then testing it for reasonableness," *id.* at 808, 122 S.Ct. 1817. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. *Id.* The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* at 807, 122 S.Ct. 1817.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

In support of her motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's counsel attached an attorney-client agreement, which provided for a contingent fee of 25% of any past

3

due benefits awarded in plaintiff's case. (ECF No. 33-3.) Plaintiff's counsel also provided a copy of a February 1, 2015 Notice of Award of $110,330.90 in past due benefits to plaintiff. (ECF No. 33-2.) As noted above, plaintiff's counsel seeks 25% of such past due benefits, i.e., an award of $27,582.73. Plaintiff's counsel represents that she spent 36.1 hours on this case. (ECF No. 33-5.)

To be sure, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Nevertheless, in this case, the court concludes that the requested fee award is excessive and would amount to a windfall to plaintiff's counsel for two primary reasons.

First, as discussed in greater detail in the court's prior order awarding EAJA fees, plaintiff's counsel caused substantial delays in this case and wasted court resources by filing this case, among several other cases, in the wrong venue, necessitating show cause proceedings and eventual transfer of the case from the Fresno division to the Sacramento division. The improper venue selection also resulted in time unnecessarily spent on certain case activities, such as the drafting of, and responding to, a confidential letter brief, which would not have been required under the procedures of the Sacramento division. (See Order dated February 18, 2014 at ECF No. 32.)

Second, plaintiff's counsel's 6-page opening brief in this case was of relatively poor quality. As the court previously noted in its order awarding EAJA fees, "although plaintiff obtained a remand for further proceedings based on the ALJ's failure to properly develop the record concerning plaintiff's reaching limitations, the remaining issues raised by plaintiff concerning his psoriasis bordered on the frivolous." (ECF No. 32 at 6.) In other words, plaintiff's success in ultimately obtaining benefits was related to the merits of his case and had little to do with excellent lawyering in federal court.

As referenced above, plaintiff requests $27,582.73 for 36.1 hours of work, which amounts to an effective hourly rate of approximately $764. Although the lodestar method cannot be used as a starting point to calculate section 406(b) fee awards, it may nonetheless be used "as an aid in assessing the reasonableness of the fee." Crawford, 586 F.3d at 1151. Here, given the

delays caused by plaintiff's counsel filing the action in the wrong venue and counsel's substandard briefing, the court finds that the requested award would plainly amount to a windfall.

Consequently, in its discretion, and in accordance with the relevant factors outlined in <u>Gisbrecht</u> and <u>Crawford</u>, the court reduces the requested fees by 50% and awards plaintiff's counsel $13,791.37 in attorneys' fees pursuant to 42 U.S.C. § 406(b). Such amount shall be paid by the Commissioner directly to plaintiff's counsel to the extent that withheld past due benefits are still available and unexhausted. If the remaining withheld funds are insufficient to cover the entire award, plaintiff's counsel must look to plaintiff for the recovery of any excess fees. However, if any amount of withheld past due benefits remain after payment of counsel's fee award, the Commissioner shall disburse such funds to plaintiff.

Additionally, plaintiff's counsel shall promptly pay to plaintiff the sum of $4,751.22 that was previously awarded pursuant to the EAJA.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 33) is GRANTED IN PART.
2. Plaintiff's counsel is awarded $13,791.37 in attorneys' fees pursuant to 42 U.S.C. § 406(b).
3. Plaintiff's counsel shall promptly pay to plaintiff the sum of $4,751.22 that was previously awarded pursuant to the EAJA.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: June 8, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5